United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 2, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 02-51211
Summary Calendar

YOLANDA R. RODRIGUEZ,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER
OF SOCIAL SECURITY,

Defendant-Appellee.

Appeal from the United States District Court for
the Western District of Texas
(USDC No. P-01-CV-67-F)

_____

Before REAVLEY, BARKSDALE and CLEMENT, Circuit Judges.

PER CURIAM:[*]

We affirm for the following reasons:

1.  We essentially agree with the analysis offered in the magistrate judge's report

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and recommendation and the district court's order adopting the recommendation and granting summary judgment. The Commissioner's decision that appellant Rodriguez was not disabled is supported by substantial evidence.

2. The vocational expert (VE) testified that Rodriguez, a former Dairy Queen waitress and assistant manager, could perform the job of food and beverage order clerk. Rodriguez complains that the expert mistakenly described this job as semiskilled. She also complains that under Social Security Policy Interpretation Ruling 00-4p, "an individual cannot transfer skills to unskilled work," and the VE testified about the order clerk position in response to a question from the administrative law judge (ALJ) as to whether Rodriguez "has any skills that are transferable to lighter work." These errors if any are harmless. Whether the order clerk position is semiskilled or unskilled, and whether Rodriguez retained skills from her prior employment that were transferable to skilled or semiskilled work, are irrelevant to whether under the fifth step of the sequential analysis Rodriguez could perform a job that exists in significant numbers in the national economy. The VE's testimony supports the ALJ's conclusion that Rodriguez was not disabled under the five-step analysis. We also note that the hypothetical posed to the VE included a sit/stand at will option, and we do not read the hypothetical or the VE's opinion to turn on whether the order clerk position was characterized as semiskilled. If anything, the record indicates that the VE may have overestimated the skill level required for the job that he believed Rodriguez could perform.

3. Insofar as Rodriguez complains that the VE did not know whether the order

clerk position existed in significant numbers in the national economy, he did testify that 1180 such jobs were available annually in the twelve-county area. This testimony was sufficient to establish that work exists in the national economy in significant numbers. See 20 C.F.R. § 416.966(a) (2002). Given the complete absence of any evidence to the contrary in the record, we assume that the VE selected the region in which Rodriguez lives, and decline Rodriguez's invitation that we speculate otherwise.

4. The ALJ did not fail to give proper regard to a treating physician's opinions. While entitled to considerable weight, a treating physician's opinion is far from conclusive and may be given little or no weight when good cause is shown. Greenspan v. Shalala, 38 F.3d 232, 237 (5th Cir. 1994). The ALJ was not required to accept the opinion of Dr. Gallegos-Rosales that Rodriguez was disabled. He was only one of several doctors whose reports and opinions are in the record. Substantial evidence including other medical evidence supports the conclusion that Rodriguez was not disabled. Furthermore, "[a]mong the opinions by treating doctors that have no special significance are determinations that an applicant is 'disabled' or 'unable to work.' These determinations are legal conclusions . . . ." Frank v. Barnhart, 326 F.3d 618, 620 (5th Cir. 2003) (citation omitted).

4. The ALJ did not err in discounting Rodriguez's subjective complaints of pain as inconsistent with other evidence in the record, including evidence of her daily routine and medical evidence. "The ALJ must consider subjective evidence of pain, but it is within his discretion to determine the pain's disabling nature." Wren v. Sullivan, 925

3

F.2d 123, 128 (5th Cir. 1991) (citation omitted).  The ALJ was not required to accept without qualification the claimant's subjective testimony regarding pain.

5.  Watson v. Barnhart, 288 F.3d 212 (5th Cir. 2002), does not require an explicit finding in every case that the claimant can not only engage in substantial gainful activity but maintain that employment as well.  We have since held that "Watson requires a situation in which, by its nature, the claimant's physical ailment waxes and wanes in its manifestation of disabling symptoms," Frank, 326 F.3d at 619, a situation we do not find applicable to the pending case.  In this case, the ALJ considered but rejected Rodriguez's testimony that she must lie down for three days out of the week due to pain.  Again, a determination of the disabling nature of the claimant's pain is a matter within the discretion of the ALJ.

AFFIRMED.